[No. A048338. First Dist., Div. Three. Dec. 4, 1990.]

LAVERNE NORMAN, Plaintiff and Appellant, v.
LINDA McMAHON, as Director, etc., et al., Defendants and
Respondents.

## COUNSEL

David C. Lewis and Richard I. Targow for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Stephanie Wald and Winifred Y. Smith, Deputy Attorneys General, for Defendants and Respondents.

## OPINION

**WHITE, P. J.**—In this action we consider whether needy and dependent children may receive foster care benefits when they reside with a former stepparent. We conclude they are entitled to such benefits under the state foster care program, and reverse the judgment accordingly.

### FACTS

The underlying facts are not disputed. Appellant Laverne Norman was married to Jeffery Montgomery. In 1981, Jeffery's two daughters by a former wife, Tina and Julie, were removed from their mother's home by the juvenile court and placed with their father and appellant. In 1984, the marriage between appellant and Montgomery was dissolved and Tina and Julie remained with their father. Nine months later, Montgomery brought the two girls to appellant and asked her to keep them in her home. She agreed, and became their legal guardian in February, 1986.

In October 1985, appellant sought and received aid to families with dependent children-family group (AFDC-FG) benefits. However, in September 1987, Sonoma County notified appellant that her AFDC-FG benefits would end, because her income exceeded the allowable maximum. Appellant appealed from the notice of action.

That same month, appellant applied for aid to families with dependent children-foster care (AFDC-FC) benefits under both the federal and state

programs[1] for Julie and Tina on the basis that she was their legal guardian and a nonrelative. The county determined that the girls were not eligible under the federal program because they were not removed from their father's care pursuant to a court order as required by the federal program. The county also found the girls ineligible for the state AFDC-FC program because appellant fell within the definition of a relative under state law.

Appellant appealed both findings and an administrative hearing was held on November 17, 1987. Following the hearing the administrative law judge issued a decision which determined that (1) the county was incorrect in determining appellant's earnings rendered Julie and Tina ineligible for AFDC-FG benefits but that (2) the girls were ineligible for AFDC-FC because appellant was considered a relative within the meaning of the state regulations.

The county requested a rehearing on the issue of appellant's eligibility for AFDC-FG. A rehearing was held to review that issue only. Thereafter, a second proposed decision was issued which determined that Sonoma County correctly discontinued the AFDC-FG benefits. The second decision also reiterated the finding that appellant was ineligible for both federal and state AFDC-FC. This decision was adopted by respondents.

Appellant filed a petition for writ of mandamus, alleging that respondents abused their discretion when they determined that Julie and Tina were ineligible for AFDC-FC. The trial court denied the petition and this appeal followed.

DISCUSSION

California's statutory scheme relating to foster care is set forth in Welfare and Institutions Code section 11400 et seq.[2] The state regulations promulgated pursuant to this scheme are in the Manual of Eligibility and Assistance Standards (EAS). Appellant contends that EAS section 45-101, subdivision (ee), which defines former stepparents as relatives, is inconsistent with the enabling statutes and with the general purpose of AFDC.

■ The scope of judicial review of quasi-legislative administrative action was articulated by our Supreme Court in *Association for Retarded Citizens* v. *Department of Developmental Services* (1985) 38 Cal.3d 384, 391 [211 Cal.Rptr. 758, 696 P.2d 150]: "To be valid, such administrative action

---

[1] There are two AFDC-FC programs, one funded by the state and federal government and the second funded only by the state.

[2] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

must be within the scope of authority conferred by the enabling statute. [Citations.] We have long recognized, of course, that 'the construction of a statute by officials charged with its administration, including their interpretation of the authority invested in them to implement and carry out its provisions, is entitled to great weight . . . .' [Citation.] Nevertheless, '[w]hatever the force of administrative construction, . . . final responsibility for the interpretation of the law rests with the courts.' [Citations.] If, in interpreting the statute, the court determines that the administrative action under attack has, in effect, 'alter[ed] or amend[ed] the statute or enlarge[d] or impair[ed] its scope,' it must be declared void. [Citations.]"

 EAS section 45-203, which deals with the eligibility standards for the state AFDC-FC program, states in part: "The child shall be placed with a nonrelative or be living with a nonrelated legal guardian." The challenged regulation in this case, EAS section 45-101, subdivision (ee), provides: "A Relative Means: (1) A person related to the child by birth or adoption by virtue of being one of the following: (A) The father, mother, brother, sister, half-brother, half-sister, uncle, aunt, first cousin, nephew, niece, or any such person of a preceding generation denoted by the prefixes grand-, great-, or great-great-. (B) The stepfather, stepmother, stepbrother or stepsister. (C) The spouse of any person named in (A) or (B) above *even after the marriage has been terminated by death or dissolution.*" (Italics supplied.)

The enabling statute for these regulations, section 11401, subdivision (d) provides that aid in the form of AFDC-FC shall be provided to a child "living in the home of a nonrelated legal guardian." Section 11400, subdivision (*l*) defines "relative" as "a person who can be a 'caretaker relative' of a dependent child under Section 406 of the Social Security Act."[3]

"Caretaker relative" is not defined in either the federal statutes or regulations. (*Davis* v. *Reagan* (S.D.Iowa 1980) 485 F.Supp. 1255, 1258, fn. 1.) However, 42 United States Code section 606(c) provides: "The term 'relative with whom any dependent child is living' means the individual who is one of the relatives specified in subsection (a) of this section . . . ." Subdivision (a) states in part: "The term 'dependent child' means a needy child (1) who has been deprived of parental support or care . . . and who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, first cousin, nephew, or niece, in a place of residence maintained by one or more of such relatives as his or their own home . . . ."

---

[3] Section 406 of the Social Security Act is codified as 42 United States Code section 606.

■ It is an established rule of statutory construction that words used in a statute should be given the meaning they bear in ordinary use. (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) ■ When the language is clear and unambiguous, there is no need for construction, nor is it necessary to look to the intent of the Legislature. (*Mutual Life Ins. Co.* v. *City of Los Angeles* (1990) 50 Cal.3d 402, 407 [267 Cal.Rptr. 589, 787 P.2d 996]; *Lungren, supra,* 45 Cal.3d at p. 735.)

■ "Stepmother" has been defined as "[t]he wife of one's father by a subsequent marriage" (Webster's New Internat. Dict. (2d ed. 1953) p. 2470) and "[t]he wife of one's father by virtue of a marriage subsequent to that of which the person spoken of is the offspring" (Black's Law Dict. (5th ed. 1979) p. 1268, col. 1). Thus, the federal statute clearly contemplates stepparents in terms of a *present* marriage. Nevertheless, EAS section 45-101, subdivision (ee) has expanded the federal statute's definition of "relative" to include former stepmothers.

Respondents point to the federal regulations to support their contention that EAS section 45-101, subdivision (ee) is consistent with section 406 of the Social Security Act. The definition of "dependent child" for purposes of federal financial participation appears in 45 Code of Federal Regulations 233.90 (c)(1)(v) which provides: "Federal financial participation under title IV-A of the Social Security Act in payments with respect to a 'dependent child,' as defined in section 406(a) of the Act, is available within the following interpretations: . . . (A) A child may be considered to meet the requirement of living with one of the relatives specified in the Act if his home is with a parent or a person in one of the following groups: [¶] (1) Any blood relative, including those of half-blood, and including first cousins, nephews, or nieces, and persons of preceding generations as denoted by prefixes of grand, great, or great-great. [¶] (2) Stepfather, stepmother, stepbrother, and stepsister. [¶] (3) Person who legally adopt a child or his parent as well as the natural and other legally adopted children of such persons, and other relatives of the adoptive parents in accordance with State law. [¶] (4) Spouses of any persons named in the above groups even after the marriage is terminated by death or divorce."

■ However, the federal regulations are not controlling for a state program. This is due to the fundamental differences between the federal and state programs. Federal AFDC is an elective federal-grant program. Although a state is not required to participate in the program, once it elects to do so, the state program must comply with the mandatory requirements established by the Social Security Act and the federal regulations implementing it. (*King* v. *Smith* (1968) 392 U.S. 309, 316-317 [20 L.Ed.2d 1118,

1125, 88 S.Ct. 2128]; *County of San Mateo* v. *Dell J.* (1988) 46 Cal.3d 1236, 1242 [252 Cal.Rptr. 478, 762 P.2d 1202]; *Beaton* v. *Thompson* (9th Cir. 1990) 913 F.2d 701, 703.)

On the other hand, the state AFDC-FC program is solely controlled by state law. California is free to provide more liberal benefits than those provided under the federal-state program. (See, e.g., *Darces* v. *Woods* (1984) 35 Cal.3d 871, 895 [201 Cal.Rptr. 807, 679 P.2d 458]; *King* v. *McMahon* (1986) 186 Cal.App.3d 648, 654 [230 Cal.Rptr. 911]; *Reyna* v. *McMahon* (1986) 180 Cal.App.3d 220, 223 [225 Cal.Rptr. 405].) Further support for this view is found in the state AFDC-FC program itself. While federal law requires that a prerequisite for federal AFDC-FC benefits is that the child is removed from the home of a parent or relative as a result of a court order, there appears to be no similar requirement for receipt of state AFDC-FC benefits.

We therefore conclude that the state AFDC-FC program is not *controlled by federal regulations.* Thus, we find that portion of EAS section 45-101, subdivision (ee), which provides that former stepparents are relatives for the purposes of state AFDC benefits has enlarged the scope of section 11400, subdivision (*l*), in that it includes parties not mentioned in 42 United States Code section 606(a). Accordingly, it is void.

Although our decision rests on principles of statutory construction, it is also consistent with social policy considerations. The Legislature has declared that the purpose of the AFDC program is " 'To provide on behalf of the general public, and within the limits of public resources, reasonable support and maintenance for needy and dependent families and persons.' " (*California Welfare Rights Organization* v. *Carleson* (1971) 4 Cal.3d 445, 452 [93 Cal.Rptr. 758, 482 P.2d 670], quoting § 10001, subd. (a.).) Here, Tina and Julie were judicially removed from their mother's home and placed with their father. Following the dissolution of their father's marriage to appellant, their father was unable to care for the children and took them to live with appellant, a person who was not obligated to support them. (See *Swain* v. *Swain* (1967) 250 Cal.App.2d 1, 7 [58 Cal.Rptr. 83]; *Clevenger* v. *Clevenger* (1961) 189 Cal.App.2d 658, 665-666 [11 Cal.Rptr. 707, 90 A.L.R.2d 569].) It can be of no benefit to the children now to require that the children be placed in the foster home of strangers in order for them to be eligible for state AFDC-FC benefits.

The judgment is reversed. Costs on appeal awarded to appellant.

Merrill, J., and Strankman, J., concurred.

A petition for a rehearing was denied December 28, 1990.